DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Bernard Williams, appeals his sentence from the Lucas County Court of Common Pleas on the charge of attempted burglary, in violation of R.C. 2923.02 and 2911.12(A)(2). Because we find that the trial court made all of the appropriate findings and did not err by imposing more than the minimum sentence, we affirm.
 {¶ 2} On July 26, 2002, Williams was indicted by the grand jury on burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2). On October 11, 2002, Williams withdrew his plea of not guilty and entered a plea of no contest to the lesser offense of attempted burglary, a felony of the third degree, in violation of R.C. 2923.02 and 2911.12(A)(2). Williams was sentenced to three years in prison.
 {¶ 3} Williams sets forth the following two assignments of error:
 {¶ 4} "I. The trial court erred when it sentenced appellant to jail believing that he entered a guilty plea to a felony two rather than a felony three.
 {¶ 5} "II. The trial court erred when it sentenced the appellant to prison for a term of three (3) years."
 {¶ 6} In the first assignment of error, Williams contends that the trial court erred by sentencing him to a felony of the second degree after he entered a no contest plea to a felony of the third degree. The trial court's sentencing entry filed November 20, 2002, states in pertinent part: "The Court finds that defendant has been convicted of ATTEMPTED BURGLARY, a violation of R.C. 2923.02 2911.12(A)(2), a felony of the 2nd degree. It is ORDERED that defendant serve a term of 3 years in prison."
 {¶ 7} After Williams filed this appeal, the trial court issued a Nunc Pro Tunc entry on June 23, 2003, at the request of the state, identifying the offense as a felony of the third degree. "Once a notice of appeal has been filed, a trial court's jurisdiction is limited to taking action which is not inconsistent with the reviewing court's jurisdiction. Accordingly, once a defendant appeals a sentence in a criminal case, any action by the trial court regarding sentencing would be inconsistent with an appellate court's jurisdiction to reverse, modify or affirm the judgment and would therefore be void. Notwithstanding this general rule, Crim.R. 36(A) [sic] permits a trial court to correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission at any time. The tool utilized to correct such errors is generally a nunc pro tunc entry. The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. Furthermore, while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." State v. Rowland, 3rd Dist. No. 5-01-39, 2002-Ohio-1421, at ¶ 10-11. (Citations omitted.)
 {¶ 8} At Williams' sentencing hearing, the trial court stated "The offense was this. According to the pre-sentence report, on July 18, 2002, the defendant pushed in a window air conditioner and started to enter the victim's apartment. The victim was present and she confronted the defendant. He ran, was caught by a neighbor. He pled to a felony of the third degree, burglary. He said he thought it was a friend's house and the friend owed him money. He pled to a felony of the third degree, as I say, a burglary case." From this, it is clear that the trial court knew that Williams pled guilty to a felony of the third degree and that its judgment entry, filed November 20, 2002, contained a clerical mistake which the trial court has now corrected.
 {¶ 9} Therefore, we find that Williams' first assignment of error is moot.
 {¶ 10} In the second assignment of error, Williams contends that the trial court erred in sentencing him to prison for a term of three years. He argues that after balancing the factors under R.C. 2929.12, the court should have sentenced him to a term of community control and not to prison.
 {¶ 11} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 12} When sentencing a defendant, R.C. 2929.11(A) requires that the trial court be "guided by the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Pursuant to R.C. 2929.11(B), the trial court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C. 2929.11 purposes and principles of sentencing. R.C.2929.12(A).
 {¶ 13} Williams was convicted of burglary, a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), the prison terms possible for a third-degree felony are one, two, three, four, or five years. The sentencing guidelines in R.C. 2929.13(C), however, do not provide a presumption in favor of either a prison sentence or community control for third-degree felonies. The choice is left to the discretion of the sentencing judge.
 {¶ 14} Williams was sentenced to three years in prison, which is within the permissible range of the prison terms. At the sentencing hearing, the trial court noted that the offense had, and continues to have, a severe impact on the victim. As a result of the incident, she was no longer comfortable in her home and was so frightened that she moved her residence. This evidence supports a finding under R.C. 2929.12(B)(2) that Williams' offense was more serious. The trial court also detailed Williams' extensive criminal history, including the fact that Williams had served time in the penitentiary for aggravated burglary. These previous offenses were considered by the court who decided it was more likely that Williams would commit future crimes (R.C.2929.12(D)(2).) This consideration also made Williams eligible for a prison sentence greater than the minimum term (R.C.2929.14(B).)
 {¶ 15} Williams, however, contends that the trial court erred by not finding pursuant to R.C. 2929.12(C)(3) that his conduct was less serious because he did not cause or expect to cause physical harm to any person or property. He maintains that he was looking for a friend who owed him money. Nevertheless, Williams intentionally pushed in a window air conditioning unit to gain access to the apartment. This is not a typical means of entry and belies Williams' contention.
 {¶ 16} Williams also argues that it is less likely that he will commit future offenses because he had led a law abiding life for a significant number of years, R.C. 2929.12(E)(3); the offense was committed under circumstances not likely to recur, R.C. 2929.12(E)(4); and he has genuine remorse for the offense, R.C. 2929.12(E)(5). The record does not support Williams' argument. The presentence investigation report details Williams' criminal history. It included previous burglary and aggravated burglary convictions. While there were six years from 1992 to 1998, that Williams was not convicted of a criminal offense, other than traffic offenses, Williams has been convicted of four offenses since 1998. Williams' offense immediately preceding this one was a drug charge in May 2002. Findings under R.C.2929.12(E)(3) and (4) cannot be established. Finally, it is firmly accepted that the trial court is in the best position to address the sincerity and genuineness of the defendant's statements and the statements of others on his behalf. State v.Nutter, 3rd Dist. No. 16-01-06, 2001-Ohio-2253. Therefore, we cannot find that the trial court erred in failing to find that Williams showed genuine remorse.
 {¶ 17} We, therefore, conclude that the trial court did not err in sentencing Williams to prison for a term of three years and find that Williams' second assignment of error is not well-taken.
 {¶ 18} Based on the above, we find that substantial justice was done to the appellant, and thus, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
Judgment Affirmed.
Knepper, Pietrykowski and Lanzinger, JJ., concur.