DECISION AND JUDGMENT ENTRY
{¶ 1} Donnie Jackson appeals his sentence of consecutive prison terms from the Ottawa County Court of Common Pleas. Because the trial court made specific findings which support the sentence imposed, we affirm.
 {¶ 2} In May 2003, Jackson was indicted on 11 counts of drug-related activities that included engaging in corrupt activity, drug trafficking, complicity to traffic in drugs, possession of drugs, and possession of drug paraphernalia. On July 21, 2003, Jackson pled guilty to two counts of the indictment: Count 2, trafficking of drugs, a violation of R.C.2925.03(A), a felony of the fifth degree, and Count 10, possession of drugs, a violation of R.C. 2925.11(A), a felony of the fourth degree. Following a continuance granted on September 5, 2003, the trial court sentenced Jackson on September 15, 2003 to 11 months in prison on the drug trafficking charge and 17 months on the drug possession charge, to be served consecutively.
 {¶ 3} Jackson raises a single assignment of error:
 {¶ 4} "The trial court erred in sentencing appellant Jackson to consecutive terms of incarceration."
 {¶ 5} On appeal, Jackson contends that the trial court erred in imposing consecutive sentences pursuant to R.C. 2929.14(E)(4). He argues that the trial court's findings were not supported by the facts and that a sentence with consecutive terms was disproportionate to the seriousness of his conduct.
 {¶ 6} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence, "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 7} Under R.C. 2929.14(E)(4), a trial court is justified in imposing consecutive sentences if it finds that, "consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4). In addition, the court must find one of the following: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, was under community control sanction, or was under post-release control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed were so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a)-(c). In short, the trial court must find both factors under R.C. 2929.14(E)(4) and one of the three in R.C. 2929.14(E)(4)(a)-(c) before imposing a consecutive sentence. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165 at ¶ 13. The trial court must state its reasons for imposing consecutive sentences at the sentencing hearing. R.C. 2929.19(B)(2)(c); Comer, supra, at ¶ 20.
 {¶ 8} At the sentencing hearing, the trial court stated:
 {¶ 9} "The Court also concludes that consecutive prison sentences are necessary to protect the public from Mr. Jackson's continued activities, and that consecutive sentences would not be disproportionate either to the seriousness of his conduct or to the type of sentences I have previously given in this Court to those that traffic in crack cocaine.
 {¶ 10} "I do this because of Mr. Jackson's history of criminal conduct, the fact that he has failed to respond favorably to previous Court sanctions, and the likelihood of committing future offenses, and the inherent danger to the public from anyone that traffics in crack cocaine.
 {¶ 11} "* * *
 {¶ 12} "Because I have sentenced Mr. Jackson to consecutive sentences, in addition to those matters I have already stated, I am required to state my reasons on the record for doing so, and I incorporate by reference all the various factors, findings and conclusions and statements that I have made throughout this hearing."
 {¶ 13} The trial court found the following significant factors: (1) that Jackson conducted his drug-related activities as a business operation; (2) that at least one of the transactions took place in the vicinity of children; (3) that Jackson caused specific and definable physical harm toward drug users by trafficking drugs in the community; (4) that Jackson had a history of criminal conduct, including a previous prison term for drug trafficking and other drug-related offenses; (5) that Jackson failed to respond favorably to previous court sanctions; (6) that Jackson had a pattern of alcohol and drug abuse, which was not acknowledged or treated; and (7) that Jackson lacked genuine remorse.
 {¶ 14} Jackson contends that the trial court omitted certain findings and challenges several of those the trial court did make. First, Jackson asserts that the trial court should have found that he has been a law-abiding individual for the past four years. The record, however, does not support this contention, as his last conviction for permitting drug abuse occurred in 2000. Furthermore, the pre-sentence investigation report details how Jackson had been under police surveillance since 2002, for his involvement in drug-related activities.
 {¶ 15} Next, Jackson argues that the trial court should have found that he did not cause injury to person or property and that he showed genuine remorse, instead of finding the opposite. However, Jackson has acknowledged that his activities contributed to the local drug problem. We therefore cannot conclude that the trial court erred when it found that, by trafficking drugs in the community, Jackson caused a specific and definable harm toward drug users. The trial court is in the best position to address the sincerity and genuineness of the defendant's statements and the statements of others on his behalf. State v.Williams, 6th Dist. No. L-02-1394, 2004-Ohio-466 at ¶ 16; State v.Nutter, 3rd Dist. No. 16-01-06, 2001-Ohio-2253. As such, we cannot find that the trial court erred in finding Jackson lacked genuine remorse.
 {¶ 16} Finally, Jackson contends that the record does not support the trial court's finding that he engaged in organized criminal activity and conducted drug-related activity while out on bond. He emphasizes that each drug transaction involved only a small amount of cocaine — less than $50 to one person. He claims that there is no evidence to suggest that others were involved in any aspect of his drug dealings. The record, however, refutes these contentions. Narratives of the Drug Task Force attached to the pre-sentence investigation report detail two incidents in which Jackson sold or delivered drugs on behalf of other individuals. The trial court noted that when the initial search warrant was executed, Jackson possessed both crack cocaine and significant sums of money. Jackson admitted that his drug activity contributed significantly to the local drug problem. As such, the claim that there is no evidence to suggest organized criminal activity is without merit.
 {¶ 17} Jackson also maintains that the trial court inaccurately found that he was involved in drug activity while on bond. A review of the record, including the pre-sentence investigation report, reveals that there is no evidence to support the trial court's finding on this matter. Although the prosecutor stated at sentencing that the Drug Task Force had a reliable source that Jackson engaged in such activity, she also indicated that the prosecution was unable to "prove" it. Assuming the trial court erred in this finding, its remaining findings are sufficient to justify consecutive prison terms.
 {¶ 18} We conclude therefore that that trial court did not err in sentencing appellant to consecutive prison terms and find appellant's sole assignment of error is not well-taken. The judgment of Ottawa County Court of Common Pleas is, therefore, affirmed. Appellant is ordered to pay court costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J. concur.