OPINION
{¶ 1} Defendant Laura Ann Trickle appeals a declaratory judgment of the Court of Common Pleas of Licking County, Ohio, which found plaintiff-appellee The Kindle Road Company, LLC has a right to unilaterally use property leased by appellant as long as it met certain conditions. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE DECLARATORY JUDGMENT ON REMAND IS CONTRARY TO LAW."
 {¶ 3} This court reviewed this case in The Kindle Road Company, LLCv. Trickle, Licking App. No. 03CA99, 2004-Ohio-466. We affirmed the prior judgment in part, but remanded the matter to the trial court to deal with the issue presented by the declaratory judgment action.
 {¶ 4} The appellant and James Lough, III. were married in 1990, and in 1992, purchased property consisting of approximately 70 acres in Licking County, Ohio, commonly known as Buckeye Lake Music Center or The Kindle Road Property.
 {¶ 5} In 1995 the appellant filed for divorce. The parties entered into a separation agreement which included the division of marital property. The separation agreement required Lough to immediately execute and deliver to appellant a limited warranty deed conveying to appellant all of his right, title, and interest in the Kindle Road Property. The separation agreement also required the parties to enter into a lease agreement whereby appellant granted to Lough the right to co-promote with appellant all concert events and other business activities conducted at or on the Kindle Road property.
 {¶ 6} The court incorporated the separation agreement by reference into its decree of divorce. Thereafter, in 1996, Lough executed a limited warranty deed conveying to appellant all of his right, title and interest in the Kindle Road Property. Then appellant, as lessor, and appellee the Kindle Road Company, LLC, as lessee and assignee of Lough's interest, entered into the lease which is the subject of this action. Lough is the sole member of the Kindle Road Company, LLC.
 {¶ 7} A dispute broke out over proceeds from concerts and events held on the property. Appellee filed a complaint for declaratory judgment in February 2002, and appellant filed an answer and counterclaim for declaratory judgment asking the court to declare the lease void for ambiguity. In June 2002, appellee filed an action against appellant for breach of contract and intentional, willful and malicious conduct, including theft by deception, conversion and fraud about the proceeds. The trial court consolidated all claims and conducted a bench trial. The court found appellant had breached the contract, but denied appellee's claims for theft by deception, conversion, and fraud. The trial court also denied appellee's claim it had the right to unilaterally use the property. The court found the lease was not ambiguous.
 {¶ 8} In the 2004 appeal, this court affirmed the portion of the trial court's judgment concerning the breach. This court reversed the trial court on the question of unilateral use of the property, finding the court had misinterpreted the issue. We found appellee did not claim the right of exclusive use, but rather the lease permitted its unilateral use subject to the restrictions in the contract. For this reason, this court remanded the matter to the trial court for re-determination of the issue. On remand, the trial court found appellees did have the right to unilateral use of the property subject to the terms of the contract.
 {¶ 9} The clause in question is Section 2 of the Land Lease Agreement:
 {¶ 10} "Use of Leased Premises. Lessee shall be entitled to use the Leased Premises in the manner and to the extent set forth hereinafter. Lessee's use of the Leased Premises shall not be to the exclusion of the Lessor's use of the same, and, except as expressly set forth herein, this Lease shall not in any way prevent Lessor from using or leasing the Leased Premises, so long as such use or other lease does not interfere with Lessee's use thereof."
 {¶ 11} Clause No. 7 deals with alterations, additions, and improvements, and provides appellant may, at her sole expense, may make any alterations, additions, or improvements to the leased premises which she in her sole discretion deems appropriate, but only to the extent any such changes do not adversely affect the appellee's use of the Leased Premises. Likewise, appellee is entitled at its sole expense to make any changes so long as they are temporary in nature, are related to appellee's use of the land, and do not adversely affect appellant's use of the property.
 {¶ 12} The balance of the lease deals with business use of the property, options to purchase, distributions of proceeds, sale of the property, insurance, rent, taxes, operating expenses, debt payments, liens and the like. Clause 7 deals with business use, and allows, inter alia, for the parties to act as partners in certain activities.
 {¶ 13} The trial court found the language of the lease granted appellee the right to unilateral use of the property, including but not limited to entering into contracts for commercial events on the property so long as this does not interfere with the use of the property by appellant, and so long as appellee share the net profits from any unilateral use with appellant.
 {¶ 14} Appellant urges the trial court misconstrued the language of the lease. Appellant urges us to read the lease as providing appellee may use the property only in partnership with appellant, but appellant may use the property to the exclusion of the appellees if her use or lease of the property does not interfere with appellees' rights, and complies with the other conditions of the lease.
 {¶ 15} We find the trial court was correct in determining appellee has the right to unilateral use of the land so long as the use complies with the restrictions and obligations listed in the lease. We find nothing in the language of the lease giving appellant exclusive use of the premises.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.