[Cite as *State v. Neumann-Boles*, 2011-Ohio-6684.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0013-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| RANDY A. NEUMANN-BOLES | COUNTY OF MEDINA, OHIO |
| | CASE No. 09-CR-0069 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

---

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Randy Neumann-Boles appeals from her conviction in the Medina County Court of Common Pleas. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

I.

{¶2} On September 16, 2008, Ms. Neumann-Boles was driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) when she caused the vehicle she was driving to swerve from the eastbound lane of State Route 18 and collide with a vehicle being driven in the westbound lane. Both Ms. Neumann-Boles and the other driver were seriously injured in the collision.

{¶3} As a result of the collision, Ms. Neumann-Boles was charged with one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), and one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b). Pursuant to the enhancement provisions

of R.C. 2903.08(B)(1)(a) and R.C. 2903.08(C)(2) respectively, the violation of R.C. 2903.08(A)(1)(a) was charged as a second-degree felony and the violation of R.C. 2903.08(A)(2)(b) was charged as a third-degree felony. The indictment for both counts alleged that at the time of the offense, Ms. Neumann-Boles was "under a driving suspension imposed under Chapter 4510 or any other provision of the Ohio Revised Code, or any substantial[ly] equivalent current or former law of another state[.]" See R.C. 2903.08(B)(1)(a), (C)(2), (G). The matter proceeded to a bench trial and the trial court found Ms. Neumann-Boles guilty of both counts. The trial court concluded the offenses were allied, and the State elected to have Ms. Neumann-Boles sentenced for the violation of R.C. 2903.08(A)(1)(a) as a second-degree felony. The trial court sentenced Ms. Neumann-Boles to seven years in prison. Ms. Neumann-Boles has appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"BECAUSE APPELLANT'S OPEN-ENDED, EXPIRED LICENSE REVOCATION IN ILLINOIS WAS NOT SUBSTANTIALLY EQUIVALENT TO A CURRENT LICENSE SUSPENSION IN OHIO, THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTIONS AND THE TRIAL COURT COMMITTED PLAIN ERROR IN FINDING MRS. BOLES GUILTY OF THE SUSPENSION ENHANCEMENTS."

{¶4} Ms. Neumann-Boles asserts in her first assignment of error that the State failed to provide evidence necessary to elevate her conviction to a second-degree felony. Notably, the State does not dispute Ms. Neumann-Boles' arguments in its brief in this Court.

{¶5} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams,* 9th Dist. No. 24731, 2009–Ohio–6955, at ¶18, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a

conviction. *Thompkins,* 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility and we make all reasonable inferences in favor of the State. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273. The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. Id.

{¶6} While Ms. Neumann-Boles was found guilty of a violation of R.C. 2903.08(A)(1)(a) and a violation of R.C. 2903.08(A)(2)(b), she was only convicted of a violation of R.C. 2903.08(A)(1)(a). See *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at ¶26 ("R.C. 2941.25(A) clearly provides that there may be only *one conviction* for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense."). R.C. 2903.08(A)(1)(a) provides that:

> "[n]o person, while operating or participating in the operation of a motor vehicle, * * * shall cause serious physical harm to another person or another's unborn * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]"

Ms. Neumann-Boles does not assert that any of the above-listed elements were not proven, but instead asserts that the State failed to provide any evidence that elevated the offense from a third-degree felony to a second-degree felony, namely that Ms. Neumann-Boles was driving under a suspension imposed under Chapter 4510[] or any other provision of the Revised Code, or committed any violation of any substantially equivalent current or former law of Illinois. See R.C. 2903.08(B)(1)(a); R.C. 2903.08(G).

{¶7} Essentially, at trial the State appeared to argue that Ms. Neumann-Boles' status of being under a revocation in Illinois was substantially equivalent to the status of being under suspension in Ohio, and thus, Ms. Neumann-Boles could be convicted of a second-degree felony

violation of the statute. Ms. Neumann-Boles asserts on appeal that her revoked status in Illinois was not substantially equivalent to the status of a person under suspension in Ohio. This Court, however, concludes that the State has misread R.C. 2903.08, and in doing so, has failed to present sufficient evidence to enhance the penalty Ms. Neumann-Boles faced.

{¶8}    Under the facts of the case, a conviction for a violation of R.C. 2903.08(A)(1)(a) is second-degree felony if "[a]t the time of the offense, the offender was driving under a suspension imposed under Chapter 4510[] or any other provision of the Revised Code." R.C. 2903.08(B)(1)(a). There is no dispute that Ms. Neumann-Boles never had an Ohio driver's license, and there is no argument being made that Ms. Neumann-Boles was driving under a suspension imposed under Ohio law. See R.C. 4510.01(H) (defining suspension). However, Ms. Neumann-Boles did, at least at one point in time, possess a valid Illinois driver's license. The State's theory was that Ms. Neumann-Boles could be convicted of a second-degree felony violation of R.C. 2903.08 via the application of R.C. 2903.08(G). R.C. 2903.08(G) provides that:

> "For the purposes of this section, when a penalty * * * is enhanced because of a prior or current violation of a specified law or a prior or current specified offense, the reference to the violation of the specified law or the specified offense includes any violation of any substantially equivalent * * * current or former law of another state[.]"

When solely examining R.C. 2903.08(B)(1)(a) and the language "the offender was driving under a suspension imposed under Chapter 4510[] or any other provision of the Revised Code[,]" without considering R.C. 2903.08(G), it is possible to interpret that language as only requiring proof that the offender was under an active suspension. See, e.g., *State v. Hatfield*, 11th Dist. No. 2006–A–0033, 2007-Ohio-7130, at ¶139 (examining similar language in R.C. 2903.06 and concluding that "evidence of the *active suspension* was necessary and therefore relevant to

increase the severity of the aggravated vehicular homicide charge from a felony three to a felony two[]"). However, in order for R.C. 2903.08(G) to even apply to R.C. 2903.08(B)(1)(a), we would need to consider "driving under a suspension[,]" R.C. 2903.08(B)(1)(a), as either a violation of a law or an offense given the express language contained in R.C. 2903.08(G). We note that both parties have assumed that R.C. 2903.08(G) applies in this case. We recognize that application of R.C. 2903.08(G) is problematic because it states that a violation of "a substantially equivalent * * * current or former law of another state" can be considered as an enhancing element, but only when R.C. 2903.08 allows for enhancement based upon a violation of a law or offense; however, R.C. 2903.08(B)(1)(a) appears to speak to the status of the offender (i.e. under suspension) as opposed to a violation of a law or an offense. Assuming, without deciding, that R.C. 2903.08(G) can be properly applied in conjunction with R.C. 2903.08(B)(1)(a) in this case, it would be necessary for the State to show that Ms. Neumann-Boles violated a law of Illinois that was substantially equivalent to a violation of driving under a suspension in Ohio. This is so because R.C. 2903.08(G) expressly permits enhancement upon demonstrating "any violation of any substantially equivalent * * * law of another state[.]" Thus, the State was required to demonstrate that Ms. Neumann-Boles violated an Illinois law that was substantially equivalent to driving under a suspension in Ohio.

{¶9} In the instant matter, the State attempted to demonstrate that Ms. Neumann-Boles was under a suspension within the meaning of Ohio law. It argued that the concept of revocation in Illinois and suspension in Ohio were substantially equivalent. It also attempted to show that Ms. Neumann-Boles was under a current revocation that was substantially equivalent to an Ohio suspension. Although we do not necessarily agree with the State on these issues, even assuming that the State established that Ms. Neumann-Boles' *status* of being revoked under Illinois law

was substantially equivalent to the *status* of being suspended in Ohio, the State failed to allege or prove what if any Illinois law Ms. Neumann-Boles violated which was substantially equivalent to driving under a suspension in Ohio. Accordingly, the State failed to produce sufficient evidence of the fact which would elevate Ms. Neumann-Boles' conviction to a second-degree felony

{¶10} Thus, we agree that Ms. Neumann-Boles could not be convicted of a second-degree felony based upon the evidence presented at trial. However, Ms. Neumann-Boles has not asserted that the State presented insufficient evidence to convict her of violating R.C. 2903.08(A)(1)(a). Further, the sufficiency of her conviction under R.C. 2903.08(A)(1)(a) is supported by her agreed stipulation of facts at trial. Generally, a violation of R.C. 2903.08(A)(1)(a), absent a demonstration of facts leading to a penalty enhancement, is a felony of the third degree. R.C. 2903.08(B)(1). Consequently, we remand to the trial court with instructions that the trial court enter a conviction against Ms. Neumann-Boles for a third-degree felony violation of R.C. 2903.08(A)(1)(a) and that she be sentenced accordingly. See App.R. 12(B). Ms. Neumann-Boles' assignment of error is sustained to the extent she asserts that she could not be convicted of a second-degree felony based upon the evidence presented at trial.

ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING A DISPROPORTIONATELY HARSH SENTENCE THAT WAS GROSSLY INCONSISTENT WITH SENTENCES IMPOSED ON SIMILAR OFFENDERS FOR SIMILAR CRIMES, AND THAT WAS ALSO UNREASONABLE IN THAT IT WAS NOT SUPPORTED BY THE RECORD."

ASSIGNMENT OF ERROR III

"THE APPELLANT WAS DENIED HER RIGHT UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL FAILED TO PROTECT HER RIGHTS BEFORE AND DURING TRIAL."

{¶11} In Ms. Neumann-Boles' second assignment of error she asserts that the trial court erred in imposing her sentence. As we are remanding this matter for a new sentencing hearing based upon the resolution of the first assignment of error, we decline to address this assignment of error as it has been rendered moot. See App.R. 12(A)(1)(c). In her third assignment of error she asserts that her trial counsel was ineffective for failing to demonstrate that Ms. Neumann-Boles' was eligible to reapply for a license; and thus, her act of driving under revocation was not substantially equivalent to an Ohio suspension. However, our resolution of the first assignment of error also renders this assignment of error moot. See App.R. 12(A)(1)(c).

### III.

{¶12} In light of the foregoing, we sustain Ms. Neumann-Boles' first assignment of error in part and remand this matter for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, J.
<u>CONCURS IN JUDGMENT ONLY</u>

CARR, J.
<u>DISSENTS, SAYING:</u>

{¶13} I respectfully dissent as I disagree with the majority that the State was required to prove that Ms. Neumann-Boles violated an Illinois law that was substantially equivalent to driving under suspension in Ohio, instead of just demonstrating that the Illinois revocation was substantially similar to a suspension in Ohio.

<u>APPEARANCES:</u>

MARGARET AMER ROBEY, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and RUSSELL A. HOPKINS, Assistant Prosecuting Attorney, for Appellee.