[Cite as *State v. Neumann-Boles*, 2013-Ohio-3968.]

STATE OF OHIO　　　　　　)　　　　　　IN THE COURT OF APPEALS
　　　　　　　　　　　　　　　)ss:　　　　　NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA　　　　)

STATE OF OHIO

　　　Appellee

　　　v.

RANDY NEUMANN-BOLES

　　　Appellant

C.A. No.　　　12CA0069-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.　　　09 CR 0069

DECISION AND JOURNAL ENTRY

Dated: September 16, 2013

---

BELFANCE, Presiding Judge.

**{¶1}** Defendant-Appellant Randy Neumann-Boles appeals from her resentencing in the Medina County Court of Common Pleas. For the reasons set forth below, we vacate the August 10, 2012 entry that is the subject of this appeal.

I.

**{¶2}** This Court related much of the background of this matter in a prior appeal:

On September 16, 2008, Ms. Neumann-Boles was driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) when she caused the vehicle she was driving to swerve from the eastbound lane of State Route 18 and collide with a vehicle being driven in the westbound lane. Both Ms. Neumann-Boles and the other driver were seriously injured in the collision.

As a result of the collision, Ms. Neumann-Boles was charged with one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), and one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b). Pursuant to the enhancement provisions of R.C. 2903.08(B)(1)(a) and R.C. 2903.08(C)(2) respectively, the violation of R.C. 2903.08(A)(1)(a) was charged as a second-degree felony and the violation of R.C. 2903 .08(A)(2)(b) was charged as a third-degree felony. The indictment for both counts alleged that at the time of the offense, Ms. Neumann-Boles was "under a driving suspension imposed under Chapter 4510 or any other provision of the Ohio Revised Code, or any

substantial[ly] equivalent current or former law of another state[.]" *See* R.C. 2903.08(B)(1)(a), (C)(2), (G). The matter proceeded to a bench trial and the trial court found Ms. Neumann-Boles guilty of both counts. The trial court concluded the offenses were allied, and the State elected to have Ms. Neumann-Boles sentenced for the violation of R.C. 2903.08(A)(1)(a) as a second-degree felony. The trial court sentenced Ms. Neumann-Boles to seven years in prison.

*State v. Neumann-Boles,* 9th Dist. Medina No. 10CA0013-M, 2011-Ohio-6684, ¶ 2-3.

{¶3} Ms. Neumann-Boles appealed asserting that there was insufficient evidence presented by the State to establish the element that enhanced the penalty of her offenses. *See id.* at ¶ 4. This Court concluded that "the State failed to produce sufficient evidence of the fact which would elevate Ms. Neumann–Boles' conviction [from a third-degree felony] to a second-degree felony." *Id.* at ¶ 9. We "agree[d] that Ms. Neumann–Boles could not be convicted of a second-degree felony based upon the evidence presented at trial." *Id.* at ¶ 10. This Court noted that, "[g]enerally, a violation of R.C. 2903.08(A)(1)(a), absent a demonstration of facts leading to a penalty enhancement, is a felony of the third degree." *Id.* "Consequently, we remand[ed the matter] to the trial court with instructions that the trial court enter a conviction against Ms. Neumann–Boles for a third-degree felony violation of R.C. 2903.08(A)(1)(a) and that she be sentenced accordingly." *Id.*

{¶4} On May 25, 2012, a resentencing hearing was held at which the trial court acknowledged this Court's remand instructions. Accordingly, at the hearing, the trial court sentenced Ms. Neumann-Boles to 60 months in prison for a third-degree felony violation of R.C. 2903.08(A)(1)(a). However, the trial court's June 5, 2012 sentencing entry contains several typographical errors that do not reflect what occurred at the sentencing hearing. The entry states that Ms. Neumann-Boles was found guilty of a second-degree felony, that she was convicted of a second-degree felony, and thereafter imposes a sentence for a second-degree felony.

{¶5}   On June 11, 2012, Ms. Neumann-Boles filed a motion to vacate her sentence asserting that, because of our remand instructions, the trial court lacked jurisdiction to sentence Ms. Neumann-Boles for a second-degree felony.  The trial court held a hearing on Ms. Neumann-Boles' motion on July 20, 2012.  At the hearing, the trial court determined Ms. Neumann-Boles should be resentenced and proceeded to do so.  The trial court did not vacate its prior entry and issued a new sentencing entry journalized August 10, 2012, which still recited that Ms. Neumann-Boles was found guilty and convicted of a second-degree felony and appears to improperly refer to count one as count two in discussing the State's election with respect to merger.  However, the entry does appear to sentence Ms. Neumann-Boles for a third-degree felony and orders Ms. Neumann-Boles to serve 60 months in prison.  Ms. Neumann-Boles has appealed from this entry raising four assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT INCORRECTLY ENTERED A JUDGMENT OF CONVICTION, AND SENTENCED APPELLANT FOR SECOND[-] DEGREE FELONY.

### ASSIGNMENT OF ERROR II

IN THE JULY 20, 2012, RE-SENTENCING HEARING, THE TRIAL COURT FAILED TO MAKE SPECIFIC FINDINGS OF FACT TO SUPPORT THE IMPOSITION OF THE MAXIMUM SENTENCE.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM TERM OF IMPRISONMENT IS NOT SUPPORTED BY THE RECORD.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMPLETELY FAILED TO CONSIDER APPELLANT'S PROPORTIONALITY ARGUMENT AT SENTENCING.

{¶6}    In her four assignments of error, Ms. Neumann-Boles raises challenges to the trial court's July 20, 2012 resentencing hearing and August 10, 2012 sentencing entry.  However, because we determine that the August 10, 2012 entry was entered without authority, we vacate it and are unable to address Ms. Neumann-Boles' assignments of error which pertain solely to the resentencing hearing and the ensuing improper sentencing entry.

{¶7}    "R.C. 2505.02 sets forth the conditions under which an order is final and may be reviewed, affirmed, or modified, with or without retrial.  Crim.R. 32(C) specifies the substantive requirements that are to be included within a judgment of conviction that make it final for purposes of appeal." *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 17.  On its face, the June 5, 2012 sentencing entry complies with the requirements of Crim.R. 32(C) and is final.  *See* Crim.R. 32(C); *Lester* at paragraph one of the syllabus (interpreting Crim.R. 32(C)).  "[A] trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 14.

{¶8}    In her motion to vacate, Ms. Neumann-Boles asserted that the June 5, 2012 entry should be vacated as void because the entry exceeded the trial court's jurisdiction on remand by convicting and sentencing Ms. Neumann-Boles on a second-degree felony when this Court ordered that she be convicted and sentenced for a third-degree felony.  The motion to vacate, however, fails to take into account the fact that the actual resentencing hearing conducted by the trial court in May 2012 followed our remand, and, thus, was within the bounds of its jurisdiction.  The trial court, on more than one occasion, at the May 2012 sentencing hearing referred to our prior opinion and remand instructions.  It noted that we had concluded that "Ms. Boles could not be convicted of a second[-]degree felony based on evidence at the trial[.]"  Thus, it stated that we

charged it with "enter[ing] a conviction against Ms. Boles for a third[-]degree felony, a violation of Revised Code Section 2903.08(A)(1)(a) and * * * sentenc[ing her] accordingly." Later, at the same hearing, the trial court stated that "[t]his is a felony of the third degree. As instructed by the Ninth District, the Court is going to sentence her on this felony of the third degree." Moreover, the sentence actually imposed by the trial court at the May 2012 sentencing hearing and in the June 2012 entry is within the range for a third-degree felony. *See* R.C. 2929.14(A)(3). Thus, it is very clear that the trial court was convicting Ms. Neumann-Boles of a third-degree felony.

{¶9} Accordingly, we cannot say that the June 5, 2012 sentencing entry was void; instead, the entry appears to contain clerical errors that could be corrected via Crim.R. 36 and a nunc pro tunc entry. "[T]rial courts * * * retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided." (Internal quotations and citations omitted.) *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 13; *see also State v. Berryman,* 2d Dist. Montgomery No. 25081, 2012-Ohio-5208, ¶ 12; *State v. Brown,* 1st Dist. Nos. C-100309, C-100310, 2011-Ohio-1029, ¶ 15; *State v. Williams,* 6th Dist. Lucas No. L-02-1394, 2004-Ohio-466, ¶ 6-9. At the sentencing hearing in May 2012, the trial court actually decided to convict Ms. Neumann-Boles of a third-degree felony. It is very clear from the sentencing hearing that the trial court was sentencing Ms. Neumann-Boles to a felony of the third degree. Thus, this is not a case in which this Court questions what the trial court intended. It is clear that the June 2012 sentencing entry does not reflect what the trial court decided.

{¶10} Thus, while the trial court had jurisdiction to correct the typographical errors in the June 2012 sentencing entry via a nunc pro tunc entry, *see id.*, because the June 2012 final

judgment was not void, the trial court did not have authority to resentence Ms. Neumann-Boles and enter an entirely new sentencing entry. *See Miller* at ¶ 14. Accordingly, the trial court's August 10, 2012 sentencing entry is vacated, and the trial court is instructed to correct the June 5, 2012 sentencing entry via a nunc pro tunc entry.

## III.

**{¶11}** The August 10, 2012 judgment entry of the Medina County Court of Common Pleas is vacated.

Judgment vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

GREGORY SCOTT ROBEY, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.