[Cite as *Cleveland v. Bardwell*, 2017-Ohio-7072.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105099

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## BRIAN BARDWELL

DEFENDANT-APPELLANT

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 TRD 029459

**BEFORE:** Boyle, J., Keough, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 3, 2017

**FOR APPELLANT**

Brian Bardwell, pro se
2119 Belle Avenue
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
BY:   Gina Villa
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** This appeal is before the court on the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1.

**{¶2}** Defendant-appellant, Brian Bardwell, appeals from a judgment of the Cleveland Municipal Court, convicting him of speeding in violation of R.C. 4511.21(D)(4), a minor misdemeanor. Bardwell raises the following two assignments of error for our review:

> 1. The trial court erred by finding sufficient evidence that the defendant exceeded the rural speed limit, R.C. 4511.21(D)(4) while driving in an urban area.
>
> 2. The trial court erred by failing to protect the defendant's procedural due process rights as required under Traf.R. 8 and Traf.R. 10.

**{¶3}** We find merit to Bardwell's second assignment of error, reverse the judgment, and remand to the trial court.

## I. Procedural History and Factual Background

**{¶4}** On September 4, 2016, Bardwell was driving westbound on Interstate 90 ("I-90") when Jovito Cirilo, a trooper with the Ohio State Highway Patrol, stopped him for speeding. Trooper Cirilo issued Bardwell a traffic citation, and in doing so, noted on the Uniform Traffic Ticket that he had used his speed gun to clock Bardwell going 79 m.p.h. in a 60-m.p.h. zone, in violation of R.C. 4511.21(D)(5).

**{¶5}** On September 21, 2016, Bardwell appeared in Cleveland Municipal Court for his arraignment on the citation. Bardwell pleaded not guilty to the offense, and the cause was set for trial five days later.

**{¶6}** On the day of trial, the Cleveland Municipal Court judge assigned to Bardwell's case asked Bardwell several questions, including whether he intended to represent himself, and whether he had spoken to the city prosecutor. Bardwell answered both questions in the affirmative, and the judge stated that the case would proceed to trial.

**{¶7}** Upon calling Bardwell's case, Bardwell asked the judge for a continuance due to certain alleged procedural errors in his arraignment. Specifically, Bardwell argued that the arraigning judge never advised him of the charges against him or gave him a copy of the complaint. Bardwell cited to Ohio traffic rules in support of the fact that his arraignment was procedurally defective. The trial court denied his request for a continuance and proceeded with the trial (explained more fully in the analysis section).

**{¶8}** At trial, Trooper Cirilo testified that on September 4, 2016, he was stationed in a marked Ohio State Highway Patrol car at a Cleveland post on I-90 just west of downtown, when he observed a car traveling in the westbound lanes at what appeared to be approximately 81 m.p.h. in a 60-m.p.h. zone. Trooper Cirilo used his speed gun to clock Bardwell travelling at a rate of 79 m.p.h. According to his testimony, Trooper Cirilo identified Bardwell as the driver of the vehicle and further explained that he issued Bardwell a citation for driving at a rate of speed in excess of the posted and clearly visible speed limit signs.

**{¶9}** Bardwell offered a limited cross-examination of the trooper's testimony, focusing a majority of his questions on attempting to discredit the trooper's knowledge of, and expertise in, using his speed gun. When Bardwell finished the cross-examination, the city rested its case and Bardwell moved for a Crim.R. 29 acquittal. The court denied the motion. The defense rested without calling a single witness, and Bardwell renewed his motion for acquittal. Again, the court denied the motion.

**{¶10}** Following trial, the court found Bardwell guilty of speeding and sentenced him to pay all fines, fees, and costs associated with the citation, but stayed the sentence pending further appeal. Curiously, however, both the journal entry noting the court's finding of guilt and the journal entry containing the sentencing order states that Bardwell was found guilty of speeding in violation of R.C. 4511.21(D)(4), instead of speeding in violation of R.C. 4511.21(D)(5), as listed on the traffic citation. It is from this judgment that Bardwell appeals.

## II. Sufficiency of the Evidence

**{¶11}** In his first assignment of error, Bardwell argues that the city failed to establish that he was guilty of speeding under R.C. 4511.21(D)(4) beyond a reasonable doubt.

**{¶12}** "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), citing *Black's Law Dictionary* 1433 (6th

Ed.1990). When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶13} Bardwell argues that this court must overturn his conviction because Trooper Cirilo failed to offer any testimony that could support a finding that Bardwell was speeding on a "rural" highway, pursuant to R.C. 4511.21(D)(4), which requires evidence of such a fact. *See id.* Although creative, Bardwell's challenge to the sufficiency of the evidence stems from the court's apparent mistake in listing R.C. 4511.21(D)(4) on the judgment and sentencing journal entries, instead of the actual offense charged, which was R.C. 4511.21(D)(5). As explained below, the statements and evidence contained in the record convinces us that this was a simple ministerial error and not an intentional modification of the charge by the court or prosecution.

{¶14} Speeding in violation of R.C. 4511.21(D)(5) requires a showing that a person operated a vehicle upon a street or highway at a speed exceeding the posted speed limit. *See id.* The record reflects that this was the offense charged on the Uniform Traffic Citation issued by Trooper Cirilo, and is the offense that the prosecution, defense, trooper, and judge all understood to be at issue during the trial. Indeed, the prosecution's opening statement outlined the elements of R.C. 4511.21(D)(5) as things Trooper Cirilo would testify to, and Trooper Cirilo did testify to those things later in the

trial.   Moreover, in his Crim.R. 29 motions for acquittal, Bardwell argued that the city failed to present evidence going to every element of speeding in violation of R.C. 4511.21(D)(5).   At no point did Bardwell mention the city's failure of proof under R.C. 4511.21(D)(4) as a reason for acquittal.   And on appeal, Bardwell altogether abandons his sufficiency argument under R.C. 4511.21(D)(5), which was the subject of his Crim.R. 29 motions.

{¶15} Where a trial court, such as here, makes a ministerial or technical error in transcription of the offense, it is the practice of appellate courts to remand to the matter to the trial court to enter a nunc pro tunc journal entry that correctly reflects what is already obvious from the record.   *See*, *e.g*., *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 48; *State v. Valdez*, 5th Dist. Licking No. 05-CA-00094, 2006-Ohio-3298, ¶ 90; *State v. Williams*, 6th Dist. Lucas No. L-02-1394, 2004-Ohio-466, ¶ 7-8.   Because the record shows that Bardwell was charged and convicted of speeding in violation of R.C. 4511.21(D)(5), we cannot say there was insufficient evidence to support his conviction.   Accordingly, we overrule Bardwell's first assignment of error.

## III. Failure to Comply with Traf.R. 8 and 10

{¶16} In his second assignment of error, Bardwell argues that he was deprived of certain procedural rights when the court failed to comply with the requirements of Traf.R. 8 and 10.   We agree.

{¶17} The Ohio Supreme Court promulgated the Ohio Traffic Rules to provide procedures to be followed in all traffic cases that come before any court in the state. Traf.R. 1(A). Traf.R. 8 provides the procedure for arraignment. It states in relevant part at sections (B) and (D):

(B) Arraignment procedure. Arraignment shall be conducted in open court and shall consist of reading the complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant shall be given a copy of the complaint, or shall acknowledge receipt thereof, before being called upon to plead and may in open court waive the reading of the complaint.

* * *

(D) Explanation of rights. Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed and shall determine that defendant knows and understands:

(1) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;

(2) That he has a right to bail as provided in Rule 4;

(3) That he need make no statement at any point in the proceeding; but any statement made may be used against him;

(4) That he has, where such right exists, a right to jury trial and that he must, in petty offense cases, make a demand for a jury pursuant to Criminal Rule 23;

(5) That if he is convicted a record of the conviction will be sent to the Bureau of Motor Vehicles and become a part of his driving record.

{¶18} Traf.R. 10 provides for the rights of a defendant upon entering a plea and specifically states at subsection (F) that a court may proceed to trial immediately

following the acceptance of a plea at arraignment with the written consent of the defendant and the prosecution. This section further provides that a court *shall not* proceed to trial immediately following arraignment where the defendant seeks a continuance. In such a case, the court shall set the trial for a different date. Traf.R. 10(F).

{¶19} The transcript of Bardwell's initial arraignment held on September 21, 2016, does not reflect that the court followed any of the procedural requirements of Traf.R. 8(B) or (D). Indeed, the transcript of proceedings, which is only six lines long, contains a general greeting between Bardwell and the judge, and Bardwell's immediate plea of not guilty. Rather than backtracking to ensure that Bardwell was made aware of his rights, the arraigning judge ended the arraignment by telling Bardwell "good luck" and asking him to step aside, so the court could proceed to the next defendant.

{¶20} When Bardwell appeared in court on September 26, 2016, Bardwell told the judge that he still wished to plead not guilty and that he intended to go to trial. As the court began the trial proceedings, Bardwell asked, "Your honor, are we starting the trial right now?" The judge replied that the trial was starting. Bardwell stated, "My understanding I was here for an arraignment, which I have not gotten yet." At that point, the judge explained to Bardwell that when he previously appeared, it was for his arraignment and that his rights were explained to him then "by way of video." Bardwell told that judge, "I was not present for any video presentation." The court then stated

because Bardwell "missed the video," it was required to explain Bardwell's rights to him, which it did at that point.

{¶21} After reading Bardwell's rights to him, the trial court asked Bardwell if he still wished to proceed to trial. Bardwell said that he did but that he was still waiting for a "reading and copy of the complaint." The judge asked Bardwell if he received a traffic citation at the time of the stop. Bardwell waffled on the question, first stating that he "could not remember" and then stating he would "not answer * * * any questions about the time of the incident in question." When asked why, Bardwell replied that it was his Fifth Amendment right not to answer. The judge then had his bailiff give Bardwell a copy of the complaint.

{¶22} At that point, the judge told Bardwell that he was proceeding with trial. Bardwell objected, citing to the Ohio Traffic Rules, and saying that "this hearing" was his arraignment and that he was entitled to a continuance. The trial court replied, "you can take that up with the court of appeals."

{¶23} Although the trial judge attempted to make up for the procedural deficiencies in Bardwell's arraignment by advising Bardwell of his rights immediately prior to trial, retaking his plea, and giving him a copy of the complaint, the trial judge violated Traf.R. 10(F) by denying his request for a continuance and immediately proceeding to trial. Given the defective nature of the prior hearing, the trial judge's advisement effectively served as Bardwell's first arraignment. Accordingly, pursuant to Traf.R. 10(F), the court was obliged to continue the trial to a later date to give Bardwell

time to prepare his defense, obtain counsel if needed, and generally consider any possible alternatives to trial the prosecution might offer. *See State v. Hamilton*, 3d Dist. Union No. 14-86-27, 1987 Ohio App. LEXIS 9472, *3 (Nov. 4, 1987) (a violation of Traf.R. 10(F), alone, is sufficient to overturn a conviction).

**{¶24}** For this reason, we vacate Bardwell's conviction and remand to the Cleveland Municipal Court.

**{¶25}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR