DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James Battle, appeals from the decision of the Summit County Court of Common Pleas revoking his community control. We affirm.
 I. {¶ 2} On October 9, 2003, Appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1). Appellant pled not guilty to this charge. On November 6, 2003, count one of the indictment was amended to the lesser and included offense of attempted felonious assault, in violation of R.C. 2923.02/2903.11(A)(1). On November 13, 2003, Appellant pled guilty to this charge. At his hearing, Appellant was sentenced as follows: *Page 2 
 "THE COURT: The court at this time is going to sentence you to a period of community control of two years. If you violate the terms, the court will impose a one-year prison sentence. The terms and conditions will be, you need to pay any restitution. You need to have drug and alcohol assessment and follow through with any of those recommendations. You need to maintain full-time employment or full-time in school. And for the time that you are on probation to me, you will not be allowed to go into any bars, okay?
 "THE DEFENDANT: Yes, ma'am." (Emphasis added.)
Despite the above dialogue, the court's journal entry imposed 18 months of community control rather than the previously mentioned 24 months.
 {¶ 3} On September 16, 2004, Appellant pled guilty to violating the terms of his community control, and was sentenced to a halfway house for 90 days. On October 31, 2005, a capias was issued for Appellant's arrest stemming from an alleged violation of his community control sanctions. Appellant was arraigned on this violation on January 23, 2006. On January 25, 2006, Appellant filed a motion to dismiss the community control violation charge on the grounds that the trial court lacked jurisdiction. Appellant failed to appear for a pretrial hearing and on February 27, 2006, another capias was issued for his arrest. On March 1, 2006, the trial court issued a Nunc Pro Tunc order correcting the original journal entry filed November 14, 2003, sentencing Appellant to 18 months of community control, to reflect the 24 month sentence pronounced at his sentencing hearing. The trial court denied Appellant's motion to dismiss. On August 30, 2006, Appellant pled no contest to the violation and the trial court found him guilty. He was sentenced to one year imprisonment. Appellant timely appealed his *Page 3 
conviction, raising two assignments of error for our review. We have combined Appellant's assigned errors for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY OF VIOLATING HIS COMMUNITY CONTROL SINCE, PURSUANT TO THE FORMER R.C. 2951.09, THE TRIAL COURT NO LONGER HAD JURISDICTION OVER THE APPELLANT."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY ISSUING A NUNC PRO TUNC ORDER THAT IMPROPERLY EXTENDED THE TRIAL COURT'S JURISDICTION OVER APPELLANT AND RETROACTIVELY MODIFIED APPELLANT'S CRIMINAL SENTENCE OVER TWO YEARS AFTER THE SENTENCE WAS ISSUED[.]"
 {¶ 4} In his assignments of error, Appellant contends that the trial court erred by finding that Appellant violated his community control because it no longer had jurisdiction over him and erred by issuing a nunc pro tunc order that improperly extended the trial court's jurisdiction over him and retroactively modified his criminal sentence over two years after the sentence was issued.
 {¶ 5} According to Crim.R. 36, "[clerical mistakes in judgments * * * may be corrected by the court at any time." (Emphasis added.) The appropriate remedy for such a mistake is
 "`generally a nunc pro tunc entry. The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. *Page 4 
Furthermore, while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.'" (Internal citations omitted.) State v. Williams, 6th Dist. No. L-02-1394, 2004-Ohio-466, at ¶ 7, quoting State v. Rowland, 3d Dist. No. 5-01-39, 2002-Ohio-1421, at ¶ 10-11.
 {¶ 6} A nunc pro tunc entry relates back to the date of the journal entry it corrects. "It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued." State v. Greulich (1988), 61 Ohio App.3d 22, 24. In the present case, the court's journal entry imposed 18 months of community control rather than 24 months pronounced at the hearing. It is clear from the transcript excerpt supplied to this Court by the State that Appellant was informed of and understood that he was sentenced to two years of community control. Further, Appellant does not dispute that at sentencing, the trial court imposed a two year community control sentence. Rather, Appellant contends that the trial court was without jurisdiction to correct an error in its entry journalizing the imposed sentence because the alleged community control violation occurred after his sentence, according to the November 13, 2003 journal entry, was completed. We do not agree.
 {¶ 7} As a general rule, a trial court does not have the authority to reconsider a valid final judgment in a criminal trial. State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶ 18. However, Crim.R. 36 *Page 5 
provides an exception to this rule, allowing the trial court to retain jurisdiction to correct clerical errors in judgments. Id. at ¶ 19. InState v. Taylor (1996), 78 Ohio St.3d 15, 23, the Ohio Supreme Court found that the trial court "clearly had authority" to utilize a nunc pro tunc order to correct a factual error in a judgment entry entered 19 years earlier. In Taylor, Michael Taylor had pled guilty to, and was convicted of, two murders in 1974. The 1974 journal entry stated that he had been convicted of attempted murder. Id. In 1982, Taylor's prison sentence was commuted and he was released from jail. Id. at 24. In 1993, while on trial for another murder, the prosecutor secured a nunc pro tunc order to correct the 1974 judgment entry, thus allowing the jury to convict him of the 1992 aggravated murder with a death penalty specification for a prior murder conviction. Id. at 23.
 {¶ 8} As stated above, a nunc pro tunc entry is the appropriate remedy to correct a clerical mistake. A nunc pro tunc entry "speaks the truth by correcting a judicial record that fails to show a correct order or judgment of the court because the order or judgment was not recorded properly in the first instance." State v. Nye (June 4, 1996), 10th Dist. No. 95APA11-1490, at *1, citing Caprita v. Caprita (1945),145 Ohio St. 5, paragraph two of the syllabus. In the instant case, the nunc pro tunc entry, contrary to Appellant's argument, does not extend or modify his sentence. It "simply reflected action that the trial court had already taken, when it sentenced [Appellant at the hearing[.]" Nye, supra, at *2. We find that the *Page 6 
November 13, 2003 journal entry contained a clerical mistake that could be corrected with a nunc pro tunc entry.
 {¶ 9} Appellant argues that his 18 month community control sentence, imposed in the November 13, 2003 journal entry, was completed in May of 2005, and after this time, the trial court did not have jurisdiction over him. However, as we have stated, the trial court retained jurisdiction to correct a clerical mistake in the November 13, 2003 judgment entry. See Taylor, 78 Ohio St.3d at 23. Therefore, Appellant's actual community control period was 24 months, and would have been completed in November of 2005. We note that Appellant violated his community control sanctions sometime before the October 31, 2005 capias was issued for his arrest. The State argues that under R.C.2929.15(A)(1), Appellant's community control period was tolled while he was absent from the jurisdiction. Assuming the time periods stated in the State's brief are true, Appellant's community control period, as imposed at his sentencing hearing, would be tolled for the 270 days he was absent from the jurisdiction, until August 11, 2006. Appellant does not dispute the allegations of the State with regard to his absence from the jurisdiction. Appellant's second community control violation occurred in October of 2005, and the nunc pro tunc entry was issued on March 1, 2006, both clearly within Appellant's community control period. *Page 7 
 {¶ 10} In the instant case, the trial court had jurisdiction over Appellant and properly issued a nunc pro tunc entry to correct a clerical mistake. Accordingly, Appellant's assignments of error are overruled.
 III. {¶ 11} Appellant's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 8 
Costs taxed to Appellant.
CARLA MOORE FOR THE COURT
WHITMORE, P. J. CONCURS