DISSENTS, SAYING:
 {¶ 12} The majority assumes that a line drawn through the post-release control provision of a form sentencing entry evidences the trial court's intentional deletion of that provision. As it is not clear from the record that this was the court's intention, I respectfully dissent.
 {¶ 13} At the outset, I would note the difficulty reviewing courts encounter based on some form journal entries. Clearly the volume of cases makes it impossible for trial judges to individually draft each sentencing entry. However, lines drawn through certain provisions, and circling or underlining of other provisions, without the initials or signature of the court, present challenges for the reviewing court to determine what the trial court actually ordered. A line on a page drawn through a provision certainly can mean that the document's drafter intended to strike the provision. Here, it is not clear whether the trial court struck the provision or whether the line was drawn before or after the trial court's signature. More troubling, the journal entry at issue has numerous subheadings. The paragraph containing the notice of post-release control does not have a *Page 8 
subheading. Rather, it is contained within the subheading, "Repeat Violent Offender or Major Drug Offender." Immediately following the post-release control paragraph is the subheading, "Drug Offenses."
 {¶ 14} On appeal, we have not been presented with a transcript of the sentencing hearing which led to the issuance of this journal entry. The transcript of that hearing might well have shed light on the trial court's intent regarding Appellant's original sentence. To illustrate this fact, we need only examine our recent decision in State v.Battle, 9th Dist. No. 23404, 2007-Ohio-2475. In Battle, we held that it was appropriate for the trial court to nunc pro tunc its sentencing entry to include the proper term of post-release control. We based our decision upon the fact that the transcript of the trial court's sentencing hearing revealed the trial court's intent with respect to post-release control. See id. at ¶ 6. Battle is also persuasive as this Court noted therein as follows: "It is clear from the transcript excerpt supplied to this Court by the State that Appellant was informed of and understood that he was sentenced to two years of community control." Id. In the instant matter, Appellant also conceded that he knew of his existing post-release control obligation. Appellant must have acquired knowledge of this term of post-release control in some manner. Without further evidence in the record, the trial court was left to speculate about the origin of Appellant's knowledge of his post-release control. *Page 9 
 {¶ 15} Moreover, as Appellant's offenses were wholly unrelated to the two subheadings which surrounded the paragraph giving notice of post-release control, it is possible that any striking through of that paragraph was entirely inadvertent. Consequently, it is troubling that we do not have a sentencing hearing transcript that would demonstrate the trial court's intent regarding post-release control. More troubling is that we are left with an insufficient record despite the fact that Appellant waited more than fourteen months to withdraw his plea. As it was Appellant's burden to demonstrate the validity of his request to withdraw his plea, I would find that the scant evidence he presented after such a substantial delay was not sufficient to justify granting his motion.
 {¶ 16} The following facts compel a critical review of the relief sought by Appellant. Appellant filed no formal motion to withdraw his plea. Rather, after waiting fourteen months after pleading guilty, he orally moved to withdraw his plea at the inception of his sentencing hearing. See State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 18 (finding that the length of delay is a relevant consideration when determining whether to permit withdrawal of a plea). This lengthy delay existed despite the fact that the statute under which Appellant was indicted specifically mentions the defense Appellant raised in his motion. See R.C. 2921.34. Additionally, as noted above, rather than providing the complete record from the offense resulting in his post-release control, Appellant provided only his initial journal entry, leaving the trial court to speculate about the intent of *Page 10 
that journal entry and leaving open the possibility that post-release control was properly imposed at a later date.
 {¶ 17} The unique facts of this case raise some suspicion over Appellant's tactical decision to supply only the initial journal entry. Appellant conceded that he had previously pled guilty to escape charges based on the same post-release control he now claims has always been void and in fact served time in prison for that conviction. While I agree with the majority that motions to withdraw guilty pleas should be generally treated with liberality, I question whether this case merits such liberal treatment. Appellant waited more than a year to seek the withdrawal of his plea and even then sought only orally to do so. In support, he submitted an inconclusive journal entry. I cannot agree that the trial court was unreasonable or arbitrary in determining that evidence was insufficient to support Appellant's motion. Accordingly, I respectfully dissent and would find that the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his plea. *Page 1