[Cite as *State v. Thompson*, 2014-Ohio-4198.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99628**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LONNIE THOMPSON

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-11-553640-A
Application for Reopening
Motion No. 473784

**RELEASE DATE:** September 23, 2014

**FOR APPELLANT**

Lonnie Thompson, pro se
Inmate No. 640-614
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH   44430


**AMICUS CURIAE**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Amy Venesile
        James A. Gutierrez
        Brett Hammond
        Anna Woods
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1}   In *State v. Thompson*, Cuyahoga C.P. No. CR-11-553640, a jury found the applicant, Lonnie Thompson, guilty of multiple counts of engaging in a pattern of corrupt activity, forgery, theft, telecommunications fraud, and identity theft.   This court affirmed that judgment in *State v. Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, but remanded for resentencing in order to merge allied offenses of similar import.   *Id*. at ¶ 20.   The Ohio Supreme Court declined to accept jurisdiction of a further appeal.

{¶2}   Thompson has filed with the clerk of courts an application for reopening. He asserts that he was denied the effective assistance of appellate counsel in multiple respects.   Additionally, the Cuyahoga County Public Defender has filed an amicus curiae brief in support of Thompson's application for reopening. We deny the application for reopening for the reasons set forth below.

{¶3}   The application to reopen is barred by the doctrine of res judicata because, with leave of court, Thompson filed a supplemental pro se brief in his appeal and this court addressed Thompson's pro se arguments.   The Ohio Supreme Court has found that res judicata applies under these circumstances.   *State v. Webb*, 72 Ohio St.3d 248, 1995-Ohio-53, 648 N.E.2d 1354.   In *Webb*, the court observed that the "appellant had expressed discontent with his appellate counsel on direct appeal and filed pro se assignments of error. Therefore, appellant could then have filed the assignments of error he now seeks to litigate in his application to reopen."   Accordingly, Thompson's application for reopening is precluded by the doctrine of res judicata.   *Id.*; *see also State*

*v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2013-Ohio-1172, ¶ 4, citing *State v. Tyler*, 71 Ohio St.3d 398, 643 N.E.2d 1150 (1994); *State v. Boone*, 114 Ohio App.3d 275, 683 N.E.2d 67 (7th Dist.1996); and *State v. Williams*, 8th Dist. Cuyahoga No. 69936, 1996 Ohio App. LEXIS 4796 (Oct. 31, 1996), *reopening disallowed*, Motion No. 280441 (Apr. 24, 1997).

{¶4} In addition to being barred by res judicata, we find that Thompson has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶5} In *State v. Spivey*, 84 Ohio St.3d 24, 701 N.E.2d 696 (1998), the Supreme Court specified the proof required of an applicant as follows:

> [t]he two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*. at 25.

{¶6} Both Thompson and amicus curiae maintain reopening is warranted to address counsel's alleged failure to raise sentencing errors. However, sentencing errors were raised and addressed in the appeal. *Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 17-27. These claims are barred res judicata.

**{¶7}** In his first proposed assignment of error, Thompson contends that appellate counsel should have raised the ineffectiveness of trial counsel in his appeal. He generally complains that his trial counsel was ineffective but fails to identify any specific conduct and does not cite to any portion of the trial record that could or would support this claim.

**{¶8}** In his second proposed assignment of error, Thompson believes the trial court erred by amending the indictment. However, Thompson has not refuted the state's position that the indictment was properly amended pursuant to Crim.R. 7(D), to include a charge of aiding and abetting. Further, "R.C. 2923.03(F) states, 'A charge of complicity may be stated in terms of this section, or in terms of the principal offense.' This provision places defendants on notice that the jury may be given a complicity instruction even though the defendant has been charged as a principal offender." *State v. Wagner*, 8th Dist. Cuyahoga No. 93432, 2010-Ohio-2221, ¶ 33, citing *State v. Beach*, 6th Dist. Lucas No. L-02-1087, 2004-Ohio-5232. Thompson has not established that appellate counsel was ineffective for failing to raise this issue as an error in the appeal.

**{¶9}** Thompson cannot show prejudice with regard to his argument that counsel was ineffective for neglecting to separately argue the assignment of error concerning the allegation that his convictions were against the manifest weight of the evidence. Even if counsel had separately argued the error, it is without merit because the record contains ample, competent, and credible evidence that a reasonable juror could rely upon to support Thompson's convictions.

{¶10} Thompson argues that his counsel failed to inform him of all plea offers and that his appellate counsel should have raised this as an error in his appeal. The record shows that the state offered Thompson a plea to Count 1 of the indictment for a violation of R.C. 2923.32(A)(1), a felony of the first degree. The state indicated sentencing was within the discretion of the court. Defense counsel stated he had informed Thompson that the sentencing range for the plea offered was from three to ten years, with a presumption that he would be going to prison. Thompson confirmed that he was not interested in pleading to anything and he maintained his innocence.

{¶11} Thompson now cites to a statement that was made after trial, indicating that Thompson had allegedly been offered five years prior to trial. Thompson contends this offer was not conveyed to him; however, there is nothing in the record that can substantiate his claim. Because this claim requires evidence outside the record to support it, such as an affidavit by Thompson, appellate counsel could not have properly referred to it in a direct appeal. *State v. Hill*, 90 Ohio St.3d 571, N.E.2d 282 (2001); *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. The statement is not clearly inconsistent with the plea offer that was spread upon the record. In fact, a five-year sentence was within the sentencing range available to the trial court if Thompson had accepted the plea. Furthermore, the trial court is generally not obligated to impose a jointly recommended sentence. *See State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 112 ("The court is not obligated to follow the negotiated plea entered into between the state and the defendant."). For all of

these reasons, Thompson has not established a colorable issue of ineffective assistance of appellate counsel based on this issue.

{¶12} Thompson next contends that appellate counsel should have challenged trial counsel's effectiveness with regard to the jury instructions. In particular, Thompson argues that the charge excluded the requirement of proof of "enterprise" as an element of engaging in a pattern of corrupt activity. Thompson relies on federal authority and otherwise refers to *State v. Griffin*, 137 Ohio St.3d 1456, 2013-Ohio-4657, 1 N.E.3d 423, in which the Ohio Supreme Court has certified the following conflict for review:

> In a trial for engaging in a pattern of corrupt activity under R.C. 2923.32, is an instruction sufficient to convey the law on the element of "enterprise" when the instruction states the elements of the offense, provides the statutory definitions of "enterprise" and "pattern of corrupt activity," and informs the jury that it has to find both beyond a reasonable doubt?

{¶13} In both *Griffin* and the conflicting case, *State v. Habash*, 9th Dist. Summit No. 17073, 1996 Ohio App. LEXIS 298 (Jan. 31, 1996), the defense had requested specific instructions on "enterprise" as an element of engaging in a pattern of corrupt activity and the respective courts refused to give them. Thompson does not contend that his trial counsel requested a separate instruction for the enterprise element or that there were any objections to the jury instructions that were given during his trial.

{¶14} In *State v. Burns*, 8th Dist. Cuyahoga No. 95465, 2011-Ohio-4230, ¶ 9-10, this court instructed,

A defendant may not assign as error the giving or omitting any instructions unless [he] objects before the jury retires and further objects by "stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). The record reflects that [defendant] never objected to the jury instructions at trial and therefore has waived all but plain error on appeal. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

Under Ohio law, the state must prove every element of the charged offense beyond a reasonable doubt. * * * It has been long held that "an erroneous jury instruction does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise. Additionally, the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." (Internal citations and quotations omitted.) *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 227, 4 Ohio B. 580, 448 N.E.2d 452. A trial court's failure to charge the jury on every specific element of the offense does not per se constitute plain error. *State v. Adams* (1980), 62 Ohio St.2d 151, 154, 404 N.E.2d 144. "The reviewing court must examine the record in order to determine whether that failure may have resulted in a manifest miscarriage of justice."

*Id*. at paragraph three of the syllabus.

{¶15} Given the conflict in Ohio authority and without any precedent from this district, Thompson cannot establish that the trial court would or should have given the subject instruction even if trial counsel had requested it or that a refusal to give the instruction would have been plain error or affected the outcome of his trial. To the extent that the Ohio Supreme Court will resolve the conflict identified in *Griffin*, the Ohio Supreme Court did not accept the matter for review until October 2013, which was four months after appellant's brief was filed and one month after Thompson's supplemental pro se brief was filed. We reiterate that this, and all issues, are barred by res judicata because Thompson did not raise them in his pro se supplemental brief. Moreover,

"[a]ppellate counsel is not ineffective for failing to anticipate future changes in the law and argue such changes on appeal." *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-6154, ¶ 11. For these reasons, Thompson has not established a colorable claim of ineffective assistance of appellate counsel for failing to raise an ineffective assistance of trial counsel claim relating to the jury instructions that were given for the charge of engaging in a pattern of corrupt activity.

{¶16} Appellate counsel properly, and successfully, argued a meritorious issue regarding the trial court's failure to merge Counts 30 and 31 that we determined were allied offenses of similar import. Contrary to Thompson's assertions, appellate counsel was not ineffective for presenting this error for review.

{¶17} Thompson asserts also that appellate counsel was ineffective for inaccurately conveying Theresa Frescki's testimony that he believes the court relied upon in resolving his appeal. This claim is without merit. Thompson maintains that this court stated that Theresa Frescki knew Janell Calloway, which Thompson states is contrary to Frescki's testimony and he also believes was outcome determinative of his convictions. However, the only citation to Frescki's testimony in the opinion is at paragraph 13. There was no indication in the opinion that Frescki testified to knowing Calloway or that this alleged fact was necessary to sustain Thompson's convictions. The fact that Frescki did not know Calloway would not have altered the outcome of the appeal. Frescki testified that Thompson drove her to cash counterfeit checks. Frescki said she received the counterfeit checks from her friend Nicky, who had received them

from Thompson. Frescki saw Thompson give Nicky the checks on two different occasions. This testimony, coupled with the testimony of the numerous other witnesses, including Calloway and Calloway's son, provided substantial evidence in support of the convictions.

{¶18} Thompson's application is barred by res judicata, and he has not met the standard for reopening under either prong of the *Strickland* test. Accordingly, the application for reopening is denied.

MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR