[Cite as *State v. Thompson*, 2015-Ohio-3882.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102326**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LONNIE THOMPSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART;
REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-553640-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 24, 2015

**ATTORNEY FOR APPELLANT**

John F. Corrigan
405 Lake Forest Dr.
Bay Village, Ohio 44140


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Eric L. Foster
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Lonnie Thompson appeals from an order of the Cuyahoga County Court of Common Pleas granting in part and denying in part his motion to correct judgment and a related nunc pro tunc journal entry in which the court reduced Thompson's stated aggregate prison sentence on multiple counts of engaging in a pattern of corrupt activity, forgery, theft, telecommunications fraud and identity fraud from 32½ years to 31½ years. Thompson contends that the trial court's nunc pro tunc entry fails "to conform to the truth of the record at the sentencing hearing" and that his sentence "was actually 28 ½ years." Thompson also contends that the trial court erred in ordering him to pay restitution, a fine and costs, claiming that "no financial sanctions" were imposed during the sentencing hearing. Finally, he contends that the trial court erred in failing to give him 48 days of jail-time credit. For the reasons that follow, we reverse, in part, the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

**Factual and Procedural Background**

{¶2} Between March 7, 2008, and October 17, 2008, Thompson operated a criminal enterprise involving the production of counterfeit checks that were cashed at various stores throughout northeast Ohio. A jury found Thompson guilty of one count of engaging in a pattern of corrupt activity, 29 counts of

forgery, one count of telecommunications fraud, 12 counts of identity fraud and one count of

theft in connection with the counterfeit check cashing scheme. At his sentencing hearing

on March 4, 2013, the trial court orally pronounced the sentences to be imposed

on each of these counts as follows:

- Count 1 (engaging in a pattern of corrupt activity): $250 fine and 8 years consecutive to the sentences imposed on all other counts;

- Counts 2-4 (forgery): $250 fine and 12 months for each count, concurrent to each other and consecutive to the sentences imposed on all other counts;

- Counts 5-6 (forgery): $250 fine and 12 months for each count, concurrent to each other and consecutive to the sentences imposed on all other counts;

- Counts 7-28 (forgery): $250 fine and 12 months for each count, concurrent to each other and consecutive to the sentences imposed on all other counts;

- Count 30 (telecommunications fraud): $250 fine and 12 months, concurrent with the sentence imposed on Count 31 and consecutive to the sentences imposed on all other counts;

- Counts 31-43 (identity fraud): $250 fine and 12 months for each count, consecutive to each other and consecutive to the sentences imposed on all other counts;

- Counts 44-47 (identity fraud): $250 fine and 18 months for each count, consecutive to each other and consecutive to the sentences imposed on all other counts;

- Counts 48-49 (forgery): $250 fine and 12 months for each count, concurrent to each other and Count 50 and consecutive to the sentences imposed on all other counts; and

- Count 50 (theft): $250 fine and 18 months, concurrent to Counts 48 and 49 and consecutive to the sentences imposed on all other counts.

The trial court also indicated that Thompson would be subject to a period of postrelease control not to exceed three years.

{¶3} Thompson's individual sentences, when added together, result in an aggregate prison sentence of 31½ years. There was, however, some confusion regarding the calculation of Thompson's aggregate prison sentence during the sentencing hearing as evidenced by the following exchange:

THE COURT: Anything further?

[DEFENSE COUNSEL]: Yes. Mr. Thompson would like to know how many years you have just sentenced him to.

THE COURT: Okay. Twenty-eight and one-half years. Is that what you get?

[PROSECUTOR]: Um, yes.

THE COURT: Yes or no?

[PROSECUTOR]: I had 29 and a half, your Honor.

THE COURT: Okay.

[PROSECUTOR]: I guess we can go through it again.

THE COURT: Let's do that.

[DEFENSE COUNSEL]: We can, but I have 28 and a half too. I think the year was the overlap on the telecommunications. You stated that you considered that —

[PROSECUTOR]: That is fine, Judge.

THE COURT: Okay. Anything further?

[PROSECUTOR]: Nothing from the State, your Honor.

**{¶4}** After the trial court pronounced his sentences, Thompson requested that payment of the fine and costs be deferred while he was in prison. The trial court found him to be indigent and indicated that the fine and costs would be "suspended." Although the state requested restitution in the amount of $18,985.22, the trial court did not order restitution during the sentencing hearing.

**{¶5}** On March 13, 2013, the trial court issued its sentencing journal entry. The prison sentences stated in the sentencing journal entry matched the sentences the trial court had orally pronounced for each count at the sentencing hearing with one exception: although the trial court stated at the sentencing hearing that the 12-month sentence on Count 30 would run concurrent with the sentence on Count 31 and consecutive to the sentences on all other counts, the sentencing entry indicated that the 12-month sentence on Count 30 was "consecutive to any other count." Accordingly, the sentencing journal entry indicated that an aggregate prison sentence of 32 ½ years had been imposed. The sentencing journal entry also indicated that Thompson would be subject to postrelease control for a mandatory term of three years,

imposed a fine of $5,750 and court costs and ordered restitution in the amount of $18,985.22. Thompson appealed his convictions and sentences. On appeal, this court held that Thompson's convictions for telecommunications fraud and identity fraud in Counts 30 and 31 should have merged for sentencing. The court affirmed Thompson's remaining convictions and remanded the case for resentencing on the counts that should have merged. *State v. Thompson,* 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202 ("*Thompson I*"). The Ohio Supreme Court declined further review. *State v. Thompson*, 139 Ohio St.3d 1406, 2014-Ohio-2245, 9 N.E.3d 1063. Thompson filed an application to reopen his appeal pursuant to App.R. 26(B), which this court denied in *State v. Thompson,* 8th Dist. Cuyahoga No. 99628, 2014-Ohio-4198 ("*Thompson II*"). Once again, the Ohio Supreme Court declined further review. *State v. Thompson*, 142 Ohio St.3d 1423, 2015-Ohio-1353, 28 N.E.3d 122.

{¶6} Thompson did not raise any issue in his prior appeal regarding a discrepancy between the sentences orally pronounced during his sentencing hearing and the sentences imposed in the March 13, 2013 sentencing journal entry. Likewise, he raised no issue in his prior appeal related to the trial court's imposition of a fine, costs and restitution or with respect to the trial court's failure to give him jail-time credit.

{¶7} In November 2013, while his appeal was pending, Thompson filed a pro se motion to correct the trial court's March 13, 2013 sentencing journal entry, arguing that the sentencing journal entry erroneously imposed a fine and costs, which the trial court had stated at the sentencing hearing would be suspended due to Thompson's indigency. After this court ruled on his appeal, Thompson filed a second, nearly identical pro se motion to correct the sentencing journal entry. The state filed a response in which it indicated that it did not oppose correction of the sentencing entry to suspend the fine and costs.

{¶8} On February 26, 2014, the trial court issued a journal entry with the vague language "[s]entencing journal entry to reflect defendant's fine and cost[s] are suspended." The journal entry does not indicate that it was issued in response to any motion that was filed. The trial court never issued a subsequent sentencing journal entry reflecting its suspension of the fine and costs.

{¶9} On March 20, 2014, Thompson filed a third pro se motion to correct the trial court's March 13, 2013 sentencing journal entry, claiming that the sentencing journal entry incorrectly stated that he was sentenced to 32 ½ years in prison when, in fact, he had been sentenced to 28 ½ years in prison at the sentencing hearing. On November 12, 2014, the trial court granted the motion, in part, indicating in a journal entry that it would issue "a nunc pro

tunc entry that correctly reflects the sentences imposed upon defendant at the sentencing hearing held on or about March 4, 2013."

{¶10} That same day, the trial court issued two other separate journal entries. One is described on the trial court's docket as "[j]ournal entry to merely correct the error in calculating the total sentence imposed upon the defendant." The other purports to be a nunc pro tunc entry "as if and for the sentencing journal entry issued on 3-13-2013." Each of these journal entries states that it is "issued nunc pro tunc to correct the error in calculating the total sentence imposed upon the defendant" from 32 ½ years to 31½ years. The entries further state that "[t]he sentence imposed upon defendant on each count shall remain unchanged from the sentencing entry issued on March 13, 2013." Each of these journal entries reflects the assessment of court costs against Thompson, the imposition of a significant fine and restitution that was never ordered in open court.

{¶11} Thompson appeals from (1) the trial court's November 12, 2014 order granting in part his motion to correct the trial court's March 13, 2013 sentencing journal entry and (2) the trial court's November 12, 2014 nunc pro tunc entry, raising the following two assignments of error for review:

ASSIGNMENT OF ERROR I:

The trial court erred in journalizing a sentence greater than twenty-eight and one-half years and journalizing the imposition of financial sanctions.

ASSIGNMENT OF ERROR II:

The trial court erred in failing to give jail credit.

**Law and Analysis**

### Nunc Pro Tunc Entry

{¶12} In his first assignment of error, Thompson argues that the trial court's November 12, 2014 nunc pro tunc entry is invalid because the trial court lacked authority to impose a sentence greater than 28 ½ years. Thompson claims that the trial court lacked authority to impose a sentence greater than 28 ½ years because (1) the trial court stated during the sentencing hearing that it had calculated Thompson's aggregate prison sentence on the 49 counts of which he was convicted as being 28 ½ years and (2) the state indicated on the record that it was satisfied with such a sentence. Thompson similarly claims that the trial court lacked authority to impose a fine and costs and to order restitution because the transcript from the sentencing hearing reflects that the trial court "decided not to impose fines or court costs" and that it did not order restitution at the sentencing hearing. The state argues that Thompson's claims are barred by the doctrine of res judicata.

{¶13} Although Thompson purports to challenge the trial court's November 12, 2014 nunc pro tunc entry in this appeal, his complaints regarding the length of his sentence actually relate back to the trial court's original March 13, 2013 sentencing entry. It was the March 13, 2013 sentencing entry in which the trial court first indicated that Thompson had been sentenced

to an aggregate prison sentence in excess of the 28 ½ year aggregate prison sentence Thompson now claims the parties agreed to at the sentencing hearing. There is no dispute that Thompson could have raised this issue in his prior appeal but failed to do so. Indeed, Thompson specifically argued in his prior appeal that the trial court "abused its discretion by imposing a total sentence of 32 ½ years." *Thompson I* at ¶ 21.

**{¶14}** Where an argument could have been raised in a prior appeal, "res judicata dictates that it is inappropriate to consider that same argument on a second appeal." *State v. Davis*, 8th Dist. Cuyahoga No. 99376, 2013-Ohio-4905, ¶ 9; *see also State v. Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, ¶ 8 (because defendant could have raised, but did not raise, any issue regarding sentencing entry in his direct appeal, the issue was barred by res judicata). Thompson does not get another "bite at the apple" and cannot avoid the res judicata bar to his claim that the trial court committed error in sentencing him to an aggregate sentence of more than 28 ½ years simply by characterizing his attack on his sentence as a challenge to the trial court's November 12, 2014 nunc pro tunc entry. *See, e.g., State v. Grenter*, 11th Dist. Ashtabula No. 2011-A-0013, 2011-Ohio-6003, ¶ 12 (where defendant could have raised any issue regarding his conviction, the substance of his sentence, the sentencing entry or the sentencing hearing on direct appeal, he "may not now find his way into court through a side entrance and upon the back of what appears to be a pre-textual motion and appeal therefrom"); *see also State v. Spragling,* 11th Dist. Ashtabula No. 2015-A-0008, 2015-Ohio-2598, ¶ 10

("As a general proposition, sentencing errors can only be contested through a direct appeal of the sentencing judgment. Res judicata bars an appellant from asserting sentencing errors in appeals from subsequent judgments when such issues could have been litigated in an appeal of the earlier sentencing entry.").

{¶15} We further find that the trial court appropriately used a nunc pro tunc entry to correct the error in its March 13, 2013 sentencing journal entry with respect to the calculation of Thompson's aggregate prison sentence, indicating that Thompson's aggregate prison sentence was 31½ years rather than 32 ½ years, as originally stated in the March 13, 2013 sentencing journal entry. Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct certain types of errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13, citing *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13. Pursuant to Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." *See also State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 239, 2011-Ohio-235, 943 N.E.2d 535, ¶ 17 ("'[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth.'"), quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. A nunc pro tunc entry can be

used to correct mathematical calculations and typographical or clerical errors, i.e.,"'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10; *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *Zaleski* at ¶ 19. However, proper use of a nunc pro tunc order "is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order that fails to reflect the trial court's true action," *Spears* at ¶ 10, "not what the court might or should have decided or what the court intended to decide." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. A nunc pro tunc entry relates back to the date of the original entry. *Marsh* at ¶ 15.

{¶16} Thus, where a clerical or mathematical error exists in a sentencing entry, a nunc pro tunc entry may be properly used to correct the sentencing entry to reflect the sentence the trial court actually imposed upon the defendant at the sentencing hearing. *See, e.g., Spears* at ¶ 8-10 (where trial court sentenced defendant to an 11-year aggregate prison sentence at sentencing hearing but erroneously indicated in its sentencing journal entry that defendant's sentences amounted to a net ten-year sentence, trial court could use a nunc pro nunc entry to correct sentencing entry to reflect that defendant had received a net 11-year prison sentence and not a ten-year sentence); *State v. Fugate*, 12th Dist. Butler No. CA2000-02-031 2000 Ohio App. LEXIS 5235, *3-6 (Nov. 13, 2000) (where trial court sentenced defendant to three-year prison

term at sentencing hearing but filed a judgment entry that inconsistently stated that defendant's term of imprisonment was two years, trial court properly issued nunc pro tunc entry correcting the error so that the sentencing entry would accurately reflect the penalty imposed at the sentencing hearing); *State v. Battle*, 9th Dist. Summit No. 23404, 2007-Ohio-2475, ¶ 2, 8 (where trial court's journal entry sentenced defendant to 18 months of community control rather than two years of community control as pronounced during the sentencing hearing, the sentencing journal entry "contained a clerical mistake that could be corrected with a nunc pro tunc entry").

{¶17} In this case, it is undisputed that the original March 13, 2013 sentencing journal entry set forth an incorrect aggregate sentence of 32 ½ years and imposed a fine, costs and restitution that were not imposed at the sentencing hearing. It is likewise undisputed that when the individual sentences the trial court imposed at the sentencing hearing are correctly added together, the result is an aggregate prison sentence of 31½ years — consistent with the aggregate sentence stated in the November 12, 2014 nunc pro tunc entry. Although Thompson's sentences on each of the individual counts were clearly stated at the sentencing hearing, the record reflects that the trial court, the state and defense counsel each made a math error in calculating Thompson's aggregate sentence at the sentencing hearing.

{¶18} In its March 13, 2013 sentencing entry, the trial court purported to fix that error, indicating that the sum of the individual sentences imposed on the offenses of which Thompson

had been convicted was an aggregate sentence of 32 ½ years. However, due to a clerical error in its memorialization of the sentence on Count 30 — indicating **that the 12-month sentence on Count 30 was "consecutive to any other count"** rather than **concurrent with the sentence on Count 31 and consecutive to the sentences on all other counts as stated at the sentencing hearing — the** March 13, 2013 sentencing entry overstated Thompson's aggregate sentence by one year. With its November 12, 2014 nunc pro tunc entry, the trial court properly "corrected its judgment to reflect what transpired at the sentencing hearing" with respect to the aggregate sentence imposed. *State v. Kimmie*, 8th Dist. Cuyahoga No. 98979, 2013-Ohio-2906, ¶ 23. However, as no journal entry was ever issued to correct the trial court's improper imposition of a fine, costs and restitution — which were either ordered suspended or not imposed at the sentencing hearing — the November 12, 2014 nunc pro tunc entry is incomplete and a new nunc pro tunc entry must be issued correcting all of the mathematical and clerical errors in the March 13, 2013 sentencing journal entry.

{¶19} Thompson's first assignment of error is sustained in part and overruled in part.

### Jail-Time Credit

{¶20} In his second assignment of error, Thompson argues that the trial court erred in failing to give him 48 days of jail-time credit for the time he remained in the Cuyahoga County jail from January 29, 2013 (the date of the jury verdicts) until March 18, 2013 (when he was transported to the Lorain Correctional Institution following sentencing). He argues that

calculation of jail-time credit is the "duty" of the trial court and that a trial court's failure to award jail-time credit is "remediable by appeal or motion for jail time credit." The state argues that because Thompson failed to raise the issue of jail-time credit in his direct appeal, his claim is barred for appeal by res judicata. We disagree.

{¶21} Criminal defendants have a right to jail-time credit. *State v. Alredge*, 7th Dist. Belmont No. 14 BE 52, 2015-Ohio-2586, ¶ 10. In September 2012, R.C. 2929.19 was amended to "impose certain duties on a trial court at the time of sentencing with respect to jail-time credit." *State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 6 (Boyle, J., concurring). Under R.C. 2929.19(B)(2)(g)(i), if the trial court determines at the sentencing hearing that a prison term is necessary or required, it is the duty of the trial court, at the time of sentencing, to

> [d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. * * *

R.C. 2929.19(B)(2)(g)(iii) further provides, in relevant part:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [R.C. 2929.19(B)(2)(g)(i)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)], and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting

that change to be delivered to the department of rehabilitation and correction without delay. * * *

R.C. 2931.15, relating to motions for a new trial, and R.C. 2953.21, relating to petitions for postconviction relief, do not apply to a motion made under R.C. 2929.19(B)(2)(g)(iii). R.C. 2929.19(B)(2)(g)(iii). An "inaccurate determination" of jail-time credit "is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable." R.C. 2929.19(B)(2)(g)(iv).

{¶22} As this court observed in *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶ 8:

> Amended R.C. 2929.19(B)(2)(g)(iii) marks a significant change in the law regarding jail-time credit. Previously, inmates could only challenge errors in jail-time credit on direct appeal unless the error consisted of a mathematical mistake in calculation rather than an erroneous legal determination. *See, e.g., State v. Robinson*, 4th Dist. Scioto No. 00 CA 2698, 2000 Ohio App. LEXIS 5001 (Oct. 23, 2000). R.C. 2929.19(B)(2)(g)(iii) now allows the court to correct "any error," regardless of whether the error involved a mathematical miscalculation or an erroneous legal determination * * *.

*See also State v. Inboden*, 10th Dist. Franklin Nos. 14AP-312 and 14AP-317, 2014-Ohio-5762, ¶ 8 (R.C. 2929.19(B)(2)(g)(iii) states that the trial court has "continuing jurisdiction to correct any jail-time credit error 'not previously raised at sentencing,' thereby abating the application of the doctrine of res judicata as it relates to issues that could have been raised at sentencing but were not.").

{¶23} In this case, the trial court failed to make any determination of the jail-time credit to which Thompson was entitled at the sentencing hearing and no jail-time credit was

referenced in the sentencing journal entry. Thompson did not raise the issue of jail-time credit during sentencing, in his prior appeal or in any of his motions to correct the trial court's sentencing journal entry. While jail-time credit errors can be corrected through a direct appeal — *see, e.g., State v. Ponyard,* 8th Dist. Cuyahoga No. 101266, 2015-Ohio-311, ¶ 10-12; *State v. Collins,* 8th Dist. Cuyahoga No. 99111, 2013-Ohio-3726, ¶ 22-25 — R.C. 2929.19(B)(2)(g)(iii) also provides a mechanism for correcting jail-time credit errors "not previously raised at sentencing" "at any time after sentencing" by filing an appropriate motion with the trial court. *Alredge,* at ¶ 12. Because Thompson did not raise the issue at sentencing or in his prior appeal, Thompson's remedy, under R.C. 2929.19(B)(2)(g)(iii), is to file a motion with the trial court seeking to correct the error. Accordingly, Thompson's second assignment of error is overruled.

{¶24} Judgment affirmed in part and reversed in part. Case remanded for the issuance of a new nunc pro tunc sentencing journal entry that corrects both (1) the mathematical error in calculating Thompson's aggregate sentence **as 32 ½ years rather than 31½ years (that was previously corrected in the November 12, 2014 nunc pro tunc entry) and (2) the clerical error in imposing** a fine, costs and restitution.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR