[Cite as *State v. Green*, 2016-Ohio-926.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   102837

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MORRIO R. GREEN

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED AS MODIFIED
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582071-B

**BEFORE:**    Blackmon, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    March 10, 2016

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square
Suite 1600
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Patrick J. Lavelle
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}  Appellant Morrio R. Green ("Green") appeals his sentence and assigns the following three errors for our review:

I.  The trial court erred and imposed a sentence clearly and convincingly contrary to law when it sentenced appellant to five years of postrelease control instead of the mandatory three years for a conviction of drug trafficking, which is a felony of the second degree.

II.  Appellant was denied his Sixth Amendment right to counsel due to the ineffective assistance of trial counsel in failing to file an affidavit of indigency after the trial court agreed to waive the mandatory fine at sentencing, and such failure resulted in the imposition of the fine as the filing of the affidavit was required in order for the trial court to waive the mandatory fine.

III.  The trial court erred in filing its February 27, 2015 sentencing journal entry, which improperly imposed an aggregate prison sentence of eight years, when the sentences issued on each count only imposed a sentence of seven years in prison.

{¶2}  Having reviewed the record and pertinent law, we affirm Green's sentence as modified and remand for Green to file an affidavit of indigency to allow the trial court to waive the fine and for the trial court to issue a nunc pro tunc sentencing entry to properly reflect the sentence imposed at the sentencing hearing.  The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Green for one count each of drug possession, a second-degree felony, with firearm and forfeiture specifications; drug trafficking, a first-degree felony, with firearm, forfeiture, and juvenile specifications; possession of criminal tools, a fifth-degree felony, with a forfeiture specification; and having a weapon while under disability, a third-degree felony, with forfeiture specifications. Green was also charged with three counts of endangering children, a misdemeanor of the first degree, with each count having a forfeiture specification.

{¶4} Green filed a motion to amend the indictment as to the drug possession and trafficking counts due to a modification regarding the amount of drugs. The trial court granted the motion and reduced the drug possession to a felony of the third degree, and the trafficking count was reduced to a felony of the second degree.

{¶5} The state offered Green a plea deal; however, Green refused to accept the offer. Eight months later, while in the middle of trial, Green decided to enter a guilty plea to the indictment. The drug possession count was merged with the drug trafficking count. The state chose for the sentence to apply to the drug trafficking count. The sentencing hearing was continued so that a presentence investigation report could be compiled.

{¶6} At sentencing, the trial court imposed a total sentence of eight years in prison to be served consecutive to a one-year sentence imposed for his violation of probation in another case. The trial court advised Green at the sentencing hearing and

also set forth in the sentencing journal entry that Green was subject to five years of mandatory postrelease control.

## Postrelease Control

**{¶7}** In his first assigned error, Green argues that the trial court erred by imposing five years of mandatory postrelease control. According to Green, the correct term of postrelease control for a second-degree felony is a mandatory three years. The state concedes that the trial court erred.

**{¶8}** Pursuant to R.C. 2967.28, postrelease control for a second-degree felony is a mandatory three years. At the sentencing hearing, the trial court advised Green that he was subject to five years mandatory postrelease control and also stated in the sentencing entry that Green was subject to five years postrelease control.

**{¶9}** R.C. 2953.08(G)(2) permits the appellate court to modify the sentence to include that which the court had no discretion to alter. *State v. Williams*, 8th Dist. Cuyahoga Nos. 94321, 94322, and 94323, 2011-Ohio-316. As we explained in *Williams*:

> In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court recently recognized that appellate courts do not have to remand a sentence that includes an improper period of postrelease control, calling remand "just one arrow in the quiver." *Id.* at ¶29. Instead, it acknowledged that an appellate court's discretion to correct "a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." *Id.* Indeed, the Supreme Court explained, "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence[,]" in cases where "a trial judge does not impose postrelease control in accordance with statutorily mandated terms." *Id.* at ¶ 30.

*Williams* at ¶ 28.

{¶10} Thus, we modify Green's sentence and remand with instructions for the court to correct the sentencing entry to reflect that Green's postrelease control is for a mandatory three-year period. Accordingly, Green's first assigned error is sustained.

## Ineffective Assistance of Counsel

{¶11} In his second assigned error, Green argues that his counsel was ineffective because counsel failed to file an affidavit of indigency in support of Green's request to waive the mandatory fine. Green contends that because his counsel failed to file the affidavit, the trial court could not waive the fine in spite of stating that it would do so at sentencing. The state concedes that counsel failed to file an affidavit of indigency and that without such an affidavit, the trial court could not waive the fine as promised at the sentencing hearing.

{¶12} R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses. That section provides:

> If an offender alleges in an affidavit filed with the court prior to sentencing
> that the offender is indigent and unable to pay the mandatory fine and if the
> court determines the offender is an indigent person and is unable to pay the
> mandatory fine described in this division, the court shall not impose the
> mandatory fine upon the offender.

{¶13} Therefore, in order for an offender to avoid the imposition of a fine at the time of sentencing, two things must occur: (1) the defendant must submit an affidavit of

indigency to the court prior to sentencing; and (2) the court must make a determination that the offender is, in fact, indigent. *Id*.; *State v. Turner*, 8th Dist. Cuyahoga No. 102741, 2015-Ohio-4388; *State v. Hubbard*, 8th Dist. Cuyahoga No. 99093, 2013-Ohio-1994, ¶ 8, citing *State v. Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002-Ohio-2045, ¶ 5.

{¶14} Ohio courts have held that the failure to file an affidavit of indigency for purposes of waiving a mandatory fine constitutes ineffective assistance of counsel where the record shows a "reasonable probability" that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. *Turner* at ¶ 19; *Hubbard* at ¶ 9; *Gilmer* at ¶ 5.

{¶15} In this case, there is a reasonable probability that the trial court would have found Green to be indigent and unable to pay the mandatory drug fine of $7,500. At the sentencing hearing, the following colloquy occurred between defense counsel and the trial court:

> Counsel:   Judge, he is indigent as it relates to the mandatory drug fine or any other fine imposed by the this court. We would ask that you make a finding that he's indigent and waive all fines and court costs in this matter.

> Court: I'll waive the fines.

Tr. 241-242.

{¶16} Thus, if Green's counsel had filed the affidavit of indigency, the trial court would have waived the fine. Accordingly, Green's second assigned error is sustained.

**Incorrect Sentence**

{¶17} In his third assigned error, Green argues that the trial court erred by imposing an eight-year prison sentence in the sentencing journal entry. According to Green, the sentencing hearing transcript shows the trial court intended to impose a seven-year prison sentence.

{¶18} Prior to entering the sentence, the trial court summarized the sentence as follows:

> So it's a 6-year sentence on Count 2, which will be run prior to consecutive to the 1-year sentence, so far we're at 7. On Count 3 it's a 1-year sentence, which I will run concurrent with that underlying 6-year sentence on Count 2. On Count 4, it's a 12-month sentence, which will be run consecutive to the underlying 6-year and consecutive to the 1-year firearm specification. Counts 5, 6, and 7, 6 months on each of those counts concurrent with Counts 2 and 3. And then 1 year on Case 555198 [prior case that he violated probation], consecutive to the sentences in Case 582071 [current case].

{¶19} Defense counsel then asked, "So that's a 9-year sentence?" The court responded "that's correct." Our reading of the transcript indicates that the trial court intended to impose a one-year sentence in prison on the probation violation case, which would be served consecutive to the eight-year sentence on the current case, for a total of nine years.

{¶20} The sentencing entry states as follows:

> The court imposes a prison sentence at the Lorain Correctional Institution of 8 years.

> For the purposes of sentencing in this case, Counts 1 and 2 merge. State elects to proceed to sentencing on Count 2.

A sentence in Count 2 is 6 years on the underlying charge and 12 months on the firearm spec. to run consecutive for 7 years. On Count 3, a sentence of 12 months is to run concurrent with the underlying charge on Count 2. On Count 4, a sentence of 12 months is to run consecutive with 12 months sentence on Count 2'[ s] 1 year firearm spec. A sentence of 6 months is imposed on each Counts 5, 6, and 7 to run concurrent with Counts 2 & 3, all totaling a prison term of 8 years in prison.

{¶21} The ninth year referenced at the sentencing hearing would be the sentence pertaining to the probation violation case. The journal entry from the probation violation case shows that Green was sentenced to one year in prison to be served consecutive with the current case.

{¶22} Green contends that because the trial court stated that Count 4 was to run consecutive to the one-year firearm specification in Count 2, that it is unclear whether Count 4 is to run concurrent with the underlying six-year prison sentence on Count 2. The trial court failed to specifically state that Count 4 was to run consecutive to the underlying six-year prison sentence in Count 2. However, because at the sentencing hearing the trial court specifically stated that Count 4 was to run consecutive to the underlying prison sentence in Count 2, the trial court can correct the sentencing entry by issuing a nunc pro tunc entry. *See State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 16 (a nunc pro tunc entry is properly used to correct the sentencing entry to reflect the sentence actually imposed by the trial court at the sentencing hearing.)

{¶23} We also direct the trial court to correct the sentencing entry regarding the merger of Counts 1 and 2. The entry currently states "Counts 1 and 'T' merge." The court obviously meant "Counts 1 and 2 merge" based on the discussion at the sentencing hearing and the fact the subsequent sentence in the entry states, "State elects to proceed to sentencing on Count 2." Thus, the correction can made by issuing a nunc pro tunc entry. Accordingly, Green's assigned error is sustained.

{¶24} Judgment is affirmed as modified and remanded to allow Green to file an affidavit of indigency to waive the mandatory fine, and for the trial court to issue a nunc pro tunc entry reflecting the correct sentence imposed at the sentencing hearing.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,  JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR